IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE A. ALLEN,**<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>**MARTIN BITER,**<br><br>　　　　　　Respondent. | Case No. 1:15-cv-00135 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on December 15, 2014. (Pet., ECF No. 1.) In the petition, Petitioner alleges that a new state law was passed directing the release of prisoners who are over the age of sixty and served at least twenty-five years of their sentence. (See generally, Pet.) Petitioner asserts that he is entitled for release because he is 61 years old and has been incarcerated for 42 years. (Id.)

On January 27, 2015, the Court issued an order to show cause why the petition should not be dismissed for failure to state a cognizable claim. (ECF No. 6.) After requesting an extension of time, Petitioner filed a timely response on March 25, 2015. (ECF No. 13.)

## I. DISCUSSION

### A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:
If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State Cognizable Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner seeks release from confinement. Therefore, his claims implicate the fact or duration of his confinement, and are properly presented by way of a habeas corpus

1  petition. However, a district court may entertain a petition for a writ of habeas corpus by
2  a state prisoner only on the ground that the custody is in violation of the Constitution,
3  laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v.</u>
4  <u>Taylor</u>, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); <u>Wilson v.</u>
5  <u>Corcoran</u>, 131 S. Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

6  Federal habeas relief is not available to retry a state issue that does not rise to the
7  level of a federal constitutional violation. <u>Wilson v. Corcoran</u>, 131 S.Ct. at 16 (2010);
8  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).
9  Alleged errors in the application of state law are not cognizable in federal habeas
10 corpus. <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002) (an ex post facto claim
11 challenging state court's discretionary decision concerning application of state
12 sentencing law presented only state law issues and was not cognizable in a proceeding
13 pursuant to 28 U.S.C. § 2254); <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996).
14 The Court accepts a state court's interpretation of state law. Langford, 110 F.3d at 1389.
15 In a habeas corpus proceeding, this Court is bound by the California Supreme Court's
16 interpretation of California law unless the interpretation is deemed untenable or a veiled
17 attempt to avoid review of federal questions. <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964
18 (9th Cir. 2001).

19 In this case, Petitioner argues that the state courts improperly denied his release
20 under California parole laws, but does not raise any federal challenges to the application
21 of the state laws. The Court does not dispute that the state of California has instituted
22 initiatives to help reduce prison overcrowding, including renewed parole review for older
23 prisoners. However, without alleging a federal basis for his claims, Petitioner has not
24 presented claims entitled to relief by way of federal habeas.

25 **C.    Cruel and Unusual Punishment**

26 In his response to the order to show cause, Petitioner alleges a federally
27 cognizable claim – cruel and unusual punishment under the Fifth and Eighth
28 Amendments of the Constitution. While this is a proper federal claim, as explained

below, there is no possibility that Petitioner is entitled to relief on this claim.

The Supreme Court has held, in the context of AEDPA review that the relevant, clearly established law regarding the Eighth Amendment's proscription against cruel and unusual punishment is a "gross disproportionality" principle, the precise contours of which are unclear and applicable only in the "exceedingly rare" and "extreme" case. Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003) (discussing decisions in Harmelin v. Michigan, 501 U.S. 957 (1991), Solem v. Helm, 463 U.S. 277 (1983), and Rummel v. Estelle, 445 U.S. 263 (1980)); Ewing v. California, 538 U.S. 11, 23 (2003). "Successful challenges to the proportionality of particular sentences will be exceedingly rare." Solem, 463 U.S. at 289-90.

Generally, the Supreme Court has upheld prison sentences challenged as cruel and unusual, and in particular, has approved recidivist punishments similar to or longer than Petitioner's life sentence for offenses of significantly lesser severity than Petitioner's crime of conviction. See Andrade, 538 U.S. at 77 (denying habeas relief on Eighth Amendment disproportionality challenge to Three Strikes sentence of two consecutive terms of 25 years to life for stealing $150.00 in videotapes when petitioner had a lengthy but nonviolent criminal history); Harmelin, 501 U.S. at 1008-09 (mandatory life sentence without parole for first offense of possession of more than 650 grams of cocaine is not so disproportionate as to violate the Eighth Amendment); Hutto v. Davis, 454 U.S. 370, 374-75 (1982) (per curiam) (upholding non-recidivist sentence of two consecutive 25 prison terms for possession of nine ounces of marijuana and distribution of marijuana); cf. Solem, 463 U.S. at 280-81 (sentence of life imprisonment without possibility of parole for seventh nonviolent felony violates Eighth Amendment). In Petitioner's case, he was convicted of first degree murder. First degree murder is an extremely serious crime; a crime for which a life sentence is not considered grossly disproportionate.

For all of the above reasons, and in light of controlling jurisprudence, this Court cannot find that Petitioner's sentence is grossly disproportionate to his commitment offense. Thus, the state court's rejection of this claim was not contrary to or an

unreasonable application of federal law. Accordingly, Petitioner's claim should be rejected.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). As it is not possible that a federal relief could be granted, it is recommended that petition for writ of habeas corpus be dismissed.

## II. RECOMMENDATION

Accordingly, it is hereby recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: April 28, 2015          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE